UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

MAXTENA, INC.,

              Plaintiff,

              v.                                                    Case No. 8:11cv945 (DKC)

JEREMY MARKS,

              Defendant.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Plaintiff Maxtena, Inc. ("Maxtena"), by counsel, pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, files this Memorandum of Law In Support of Its Motion for Protective Order to maintain the confidentiality of all Maxtena-related documents produced by third parties in response to Defendant Marks' subpoenas.

During the initial valuation phase of discovery, which was intended to provide the parties with a cost-effective means of valuing Maxtena's stock for purposes of mediation, Marks has served over 40 document subpoenas, which have resulted in the production of over 39,000 pages of documents by third parties. These documents consist of or contain Maxtena financial data, order forms, prices, quotations and similar materials. Based on the inherently confidential and proprietary nature of the information sought by and produced to Marks in response to his subpoenas, and the volume of information at issue, Maxtena recently proposed that the parties agree to treat all documents produced by third parties as "CONFIDENTIAL" under the Protective Order. Maxtena also proposed that the parties could then agree to re-designate

1

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030   703.273.8898   703.273.8897

Cameron McEvoy PLLC

specific documents in the third-party productions as non-confidential as the need to do so arises.

This proposal would save significant amounts of time and document review costs for both sides.

Marks has refused to agree to this arrangement. Instead, he has demanded that Maxtena

review all of the more than 39,000 documents that have been produced by third parties and

provide him with designations as to which specific documents are to be treated as

"CONFIDENTIAL" under the Protective Order within 15 days of the date that the documents

were produced. This will simply impose an extraordinary and unnecessary expense on Maxtena,

without providing Marks with any legitimate benefit; a result that is squarely at odds with one of

the primary purposes behind the Court's order bifurcating discovery, which was to control the

costs incurred by the parties in anticipation of mediation. For these reasons, as set forth in detail

below, Maxtena respectfully requests that this Court enter a protective order requiring that all

documents produced in response to Marks' third-party subpoenas be maintained confidential,

except to the extent otherwise agreed by the parties or as ordered by the Court in the case of any

disputes.

## I.  INTRODUCTION AND FACTUAL BACKGROUND.

In April of this year, the parties moved this Court for entry of a consent order bifurcating

discovery, and limiting the initial phase of discovery to information concerning the valuation of

Maxtena. Docket No. 39. The purpose of the consent order was to permit the parties to gather

the information needed to prepare their respective valuations of Maxtena in anticipation of

Court-sponsored mediation while avoiding the expense of full discovery on the merits. *Id.* The

Court approved of the parties' proposal and entered a Consent Order limiting the initial phase of

discovery to information relevant to the valuation of Maxtena. Docket No. 40.

Beginning in May of 2012, Marks began serving subpoenas for documents on Maxtena's customers, business partners and business advisors.  The subpoenas sought a broad array of non-public, proprietary information concerning Maxtena's business and customer relationships.  For example, Marks' subpoena to Delorme Inreach LLC requested the production of:

- All contracts between Maxtena and Delorme Inreach LLC;
- All documents concerning or relating to suppliers or contract manufacturers utilized by Maxtena;
- All presentations, proposals and bid applications prepared or provided by or on behalf of Maxtena;
- All documents concerning or relating to job progress reports, project milestones or the percentage of completion for contracts or projects involving Maxtena;
- All documents concerning or relating to Delorme Inreach LLC's purchase of any Maxtena products or services; and
- All documents concerning actual, proposed or contemplated investment in Maxtena.

*See* Subpoena to Produce Documents, Information or Objects to Delorme Inreach LLC, attached hereto as Ex. 1.  This information, which would include customer-specific pricing, product and volume data, is confidential and commercially sensitive.  The subpoena to Delorme Inreach LLC is typical of the subpoenas served by Marks on third parties to this lawsuit.  Marks continued to issue wave after wave of subpoenas for documents and depositions through September of 2012.  Presently, Marks has issued over 40 document subpoenas to third parties and has received over 39,000 pages of documents in response to the subpoenas, most of which are either duplicative of one another or information contained in Maxtena's production or are wholly irrelevant to the issue of Maxtena's valuation.

On or about September 12, 2011 the parties filed a Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material (the "Protective Order).  Docket No. 17-1.  The Protective Order was approved by the Court and

entered on or about September 13, 2011. Under the Protective Order, a party may designate

discovery materials or other documents as "CONFIDENTIAL" if it contains sensitive personal

information, trade secrets or other confidential research, development or commercial information

which is, in fact, confidential. Docket No. 17-1 at ¶ 1(a). The parties could designate materials

as "CONFIDENTIAL" by providing hard copies of the documents at issue that were

appropriately labeled "CONFIDENTIAL" or by providing counsel for all other parties a written

designation of particular electronic documents or portions thereof considered to be confidential.

*Id.,* at ¶ 1(b). The designation of a document or information as "CONFIDENTIAL" would

restrict the disclosure of that document or information to: (1) the parties themselves; (2) their

counsel and their counsel's support staff who are directly involved in the work performed on the

case; (3) court reporters engaged for purposes of depositions in this case; (4) consultants,

investigators or experts involved in this case; and (5) the Court. *Id.,* at 1(e).

The Protective Order did not, however, specify a procedure for the parties to make

confidentiality designations with respect to documents and/or information produced by third

parties. Early in the discovery process, before Maxtena had any idea that Marks would seek to

subpoena over 39,000 pages of documents from third parties, counsel for the parties agreed by e-

mail that any documents received by Marks in response to third-party subpoenas would be

treated as confidential for a period of fifteen days after copies were made available to Maxtena to

review. Maxtena would then provide any confidentiality applicable confidentiality designations

concerning the third-party documents to Marks' counsel by the end of the fifteen day period. At

the time that Maxtena agreed to this arrangement by e-mail, it did not anticipate that the third-

party document productions in this limited valuation phase of discovery would involve more

4

than a few hundred pages of documents. Had Maxtena known that Marks would seek and obtain

39,000 pages of documents in response to his subpoenas (the overwhelming majority of which

are duplicative of information contained in Maxtena's own production or irrelevant to the issue

of valuation), it would not have agreed to the above-described confidentiality designation

process.

On or about September 11, 2012, Maxtena's counsel received a bulk document

production containing virtually all of the documents that Marks had received in response to its

subpoenas to third parties. The number of documents produced totaled over 39,000 pages.

Thereafter, Maxtena received two smaller productions from Marks.

On September 13, 2012, Marks' counsel sent an e-mail to Maxtena insisting that Maxtena

designate the specific documents or portions thereof in its over 39,000 page production that it

claimed to be "CONFIDENTIAL" under the Protective Order on or before September 26, 2012.

*See* September 13, 2012 e-mail from John Da Grosa Smith to Timothy McEvoy, Re:

Confidential Designations, attached hereto as Ex. 2. As the party producing the documents,

Marks' counsel was fully aware of the unreasonableness of this request and the burden and

expense that it would impose on Maxtena.

Maxtena responded on September 18, 2012 by proposing that the parties agree to

continue to treat the documents produced by third parties as "CONFIDENTIAL" under the

Protective Order, and noted that if there were specific documents in a third-party production that

Marks believed were not confidential the parties could attempt to work together to resolve the

status of those documents and re-designate them accordingly. *See* September 19, 2012 e-mail

chain between M. A. Horvath and Matthew Sorensen, Re: Maxtena v. Marks, attached hereto as

5

Ex. 3. Marks' counsel responded the following day by rejecting the proposal, stating that "I believe that your proposal regarding the confidentiality designations is a blanket designation, which would violate the Protective Order. Marks cannot agree to violate the terms of the Protective Order." *Id.*

Maxtena's counsel then replied that at the time the Protective Order was agreed to and entered, it was not foreseen that Marks would compel the production of over 39,000 pages of documents (most of which are not relevant to the issue of Maxtena's valuation) from third parties and that the parties could jointly move the Court to modify or amend the Protective Order to address the situation raised by Marks' subpoenas.[1] *Id.* Maxtena's counsel noted that Marks' refusal to attempt to reach a reasonable agreement on the treatment of the third-party documents would serve only to unnecessarily increase the costs of litigation for the parties. *Id.* Marks responded by stating that "Marks will not agree to wholesale disregard of an Order entered by the Court ... If Maxtena is not content to live within the terms of this Protective Order, it should move for a new one ..." *Id.*

Accordingly, Maxtena now seeks the entry of a Protective Order providing that documents produced in response to Marks' third-party subpoenas shall be maintained as

---

[1]  In any event, the Parties would not violate the Protective Order merely by agreeing to treat the documents produced in response to Marks' subpoenas as confidential. The Protective Order does not expressly prohibit such an arrangement. In fact, it merely requires that a party make its confidentiality designations after a reasonable inquiry into whether documents or information would qualify for such a designation. Here, the very nature of the information requested by Marks demonstrates that most, if not all, of the documents sought and obtained through Marks' subpoenas – customer contracts and other documents containing non-public customer-specific pricing, product and volume information – are properly designated as "CONFIDENTIAL" under the Protective Order.

"CONFIDENTIAL" under the Protective Order, unless the parties expressly agree otherwise or the Court expressly re-designates specific documents as non-confidential.

## II.   ARGUMENT.

Parties to a lawsuit may protect confidential business and personal information from disclosure through the entry of an appropriate protective order. *See Pittston Co. v. United States,* 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial, or financial data" that was produced under a protective order); *Butler v. DirectSAT USA, LLC,* Case No. DKC 10-2747, 2012 WL 1203980, *11 (D. Md. April 10, 2012). In the instant case, the documents produced in response to Marks' third-party subpoenas contain customer specific contracts, pricing, products, volumes and other commercially sensitive information that is maintained in confidence by Maxtena. The documents produced also contain investor materials and proprietary data regarding Maxtena's business plans, financial projections and historical performance. The publication or disclosure of such information would result in significant harm to Maxtena and could provide Maxtena's competitors with an unfair competitive advantage. As such, the information should be maintained as "CONFIDENTIAL" under the Protective Order.

Because of the volume of documents produced in response to Marks' subpoenas, it would impose an undue burden on Maxtena to identify each specific document that must be designated as "CONFIDENTIAL" and provide that designation to Marks, particularly within the 15 day period previously agreed to by the parties. Indeed, performing confidentiality designations on individual documents in a production of over 39,000 pages of documents could cost Maxtena tens of thousands of dollars, if not more. Such a result would effectively eliminate one of the

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030   703.273.8898   703.273.8897

Cameron McEvoy

primary goals of the valuation discovery period – controlling costs before the Court-sponsored mediation.

Maxtena has proposed a reasonable alternative that will protect the confidentiality of its sensitive commercial information and allow the parties to re-designate any non-confidential documents that may be contained in the third-party productions as the need arises without undue burden and expense. Maxtena proposes that the documents produced in response to Marks' third-party subpoenas be designated as CONFIDENTIAL, except as otherwise agreed to by the parties or ordered by the Court. In the event that Maxtena or Marks identify any specific documents in the third-party productions that they believe are not confidential, the parties can work together in good faith to attempt to reach an agreement regarding the status of such documents. If an agreement cannot be reached, then the party seeking to maintain the confidentiality of the information at issue may move the Court for an order upholding the confidentiality designation, subject to the provisions of Fed. R. Civ. P. 37(a)(5). This proposal adequately protects the interests of all parties, encourages the cooperative resolution of disputes about confidentiality and avoids unnecessary expense to the parties.

The only reason offered by Marks for not agreeing to this proposal is his assertion that it would violate the provisions of the existing Protective Order that prohibit "blanket Confidentiality" designations. This is simply not the case. As an initial matter, it is ironic that Marks now contends that he cannot agree to seek alteration of an existing Court order. Marks has previously agreed to alterations of the scheduling order that he perceived to be beneficial and has recently expressly requested that the Court dispense with the procedures required under its Local Rules for motions to compel and for sanctions. Apparently, Marks believes that the

8

Court's orders and rules may be altered when it works to his advantage, but that such rules and orders may never be altered when their strict application would result in significant expense to Maxtena.

Furthermore, the relief sought in this motion would not violate the Protective Order. As set forth above, the categories of information and documents that Marks sought and obtained pursuant to his third-party subpoenas are, by their very nature confidential and proprietary to Maxtena or the particular customer or business partner at issue. Marks' subpoenas themselves and a sampling of the documents produced in response to those requests provide a reasonable basis for Maxtena to designate the documents produced by third parties as "CONFIDENTIAL" under the Protective Order. As such, Maxtena's proposal would not violate any of the provisions of the existing Protective Order. At most, it would operate to amend the existing Protective Order to address an issue of voluminous third-party document productions that were not foreseen at the time the order was entered.

## III. CONCLUSION.

WHEREFORE, in consideration of the foregoing Plaintiff Maxtena, Inc., by counsel, respectfully requests that this Honorable Court enter a Protective Order requiring that the documents produced to Marks in response to his third-party subpoenas be designated as "CONFIDENTIAL" under the Protective Order. In the alternative, Plaintiff Maxtena, Inc. requests that the Court order that it be given a reasonable period of time, of not less than 90 days from the date of any denial of the requested protective order, in which to review the documents produced by third parties and provide confidentiality designations to Marks.

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898    703.273.8897

Cameron McEvoy
PLLC

Respectfully submitted,

MAXTENA, INC.
By Counsel


/s/ _____

Timothy J. McEvoy, Esquire
Sean Patrick Roche, Esquire
Matthew H. Sorensen, Esquire, *admitted pro hac vice*
CAMERON McEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
sroche@cameronmcevoy.com
msorensen@cameronmcevoy.com
Counsel for Plaintiff

11325 Random Hills Road, Suite 200, Fairfax, Virginia 22030
703.273.8898    703.273.8897

Cameron McEvoy
PLLC

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2012, I have filed a true and correct copy of the foregoing with the Clerk of Court via the CM/ECF efiling system which will send notification of this filing to the following counsel of record:

Steven J. Lewicky, Esquire
Davis, Agnor, Rapaport & Skalny, LLC
10211 Wincopin Circle, Suite 600
Columbia, Maryland 21044
slewicky@darslaw.com
Counsel for Defendant Jeremy Marks

John Da Grosa Smith, Esquire
Matthew A. Horvath, Esquire
Smith LLC
1320 Ellsworth Industrial Blvd., Suite A1000
Atlanta, GA 30318
jdsmith@smithlit.com
mhorvath@smithlit.com
Counsel for Defendant Jeremy Marks

Scott R. Haiber, Esquire
Mac A. Marinaccio, Esquire
Hogan Lovells LLP
100 International Drive, Suite 200
Baltimore, Maryland 21202
scott.haiber@hoganlovells.com
Counsel for Thuraya Telecommunications
  Company and Robert Demers

/s/_____
Timothy J. McEvoy, Esquire
Sean Patrick Roche, Esquire
Matthew H. Sorensen, Esquire *admitted pro hac vice*
CAMERON MCEVOY, PLLC
11325 Random Hills Road, Suite 200
Fairfax, Virginia 22030
(703) 273-8898 (Main)
(703) 273-8897 (Facsimile)
tmcevoy@cameronmcevoy.com
sroche@cameronmcevoy.com
msorensen@cameronmcevoy.com
Counsel for Plaintiff

11