IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAXTENA, INC.

    v.      :    Civil Action No. DKC 11-0945

JEREMY MARKS

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 11th day of December, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion filed by Defendant Jeremy Marks ("Marks") to compel certain discovery responses from Plaintiff Maxtena, Inc. ("Maxtena") (ECF No. 57) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART as follows:

    a. Maxtena's general objection to the production of information and data older than three years is OVERRULED and, to the extent it has not already done so, Maxtena is hereby ORDERED to produce information and data in response to Marks's discovery requests without any date restrictions;

    b. Maxtena's objection to producing contact information associated with individuals

>               identified in its responses to Interrogatory Nos.
>               13 and 14 is SUSTAINED; and
>
>          c.   Maxtena is hereby ORDERED to respond to
>               Interrogatory Nos. 1-11, 16, and 18 without
>               relying on Fed.R.Civ.P. 33(d);

2. The motion for sanctions filed by Marks (ECF No. 54, as corrected by ECF No. 69) BE, and the same hereby IS, DENIED;

3. The motion filed by Maxtena to strike Marks's motions to compel and for sanctions (ECF No. 63, as corrected by ECF No. 82) BE, and the same hereby IS, DENIED;

4. Maxtena's motion for a protective order or to quash the subpoena *duces tecum* issued by Marks to nonparty James Loving ("Loving") (ECF No. 72) BE, and the same hereby IS, DENIED AS MOOT;

5. Marks's motion to compel Loving to produce certain documents in response to a subpoena *duces tecum* (ECF No. 81) BE, and the same hereby IS, DENIED AS MOOT;

6. The motion filed by nonparties Thuraya Communications, Inc. ("Thuraya") and Robert Demers ("Demers") to quash the deposition subpoenas issued by Marks (ECF No. 46) BE, and the same hereby IS, GRANTED;

7. The motion by nonparty Michael Lincoln ("Lincoln") to quash the deposition subpoena issued by Marks (ECF No. 92) BE, and the same hereby IS, GRANTED;

8. Maxtena's motion to quash the subpoenas issued to Lincoln and non-party Phillip Premysler ("Premysler") (ECF No. 91), BE and the same hereby IS, GRANTED IN PART and DENIED IN PART;

9. The subpoena *duces tecum* issued to Premysler by Marks BE, and the same hereby IS, MODIFIED to seek only the following documents:

    a. copies of any patent applications prepared or filed by Premysler by, for, or on behalf of Maxtena;

    b. copies of any agreement by which Premysler agrees to provide services or products to Maxtena, whether as an employee, officer, or independent contractor; and

    c. copies of any "Proprietary Information, Invention and Non-Disclosure Agreements" entered into between Premysler and Maxtena;

10. Marks shall have seven (7) days to respond to the motions filed by nonparty the State of Maryland Department of Business and Economic Development ("the State") (ECF Nos. 73 & 78) and, to the extent that his consolidated response is a substantive opposition rather than a stipulation of withdrawal, the State shall have an additional seven (7) days to file a consolidated reply in support of its motions;

11. Marks's motion for determination of claim pursuant to Fed.R.Civ.P.45(d)(2)(B) (ECF No. 93) BE, and the same hereby IS, GRANTED, based on Maxtena's waiver of any privilege or protection that may have attached to documents produced by Loving;

12. Maxtena's motion for entry of a protective order regarding the disclosure of confidential materials to nonparties (ECF No. 88), BE, and the same hereby IS, GRANTED, and the Order Regarding Limited Disclosure of Confidential Discovery Material To Interested Third-Parties submitted as ECF No. 122-2 is APPROVED;

13. Maxtena's motion for entry of a protective order to maintain the confidentiality of documents produced by nonparties (ECF No. 70) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART;

14. Maxtena shall have ninety (90) days to designate any information or documents produced by nonparties as "confidential" in accordance with the "Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material" (ECF No. 17-1) already in place; in the interim, all information or documents produced by nonparties shall be treated as "confidential";

15. Marks's motions to seal (ECF Nos. 58, 101, 109, 132, and 134) BE, and the same hereby ARE, DENIED;

16. Maxtena's motions to seal (ECF Nos. 64, 118, and 124) BE, and the same hereby ARE, DENIED;

17. The parties will have fourteen (14) days to file a consolidated renewed motion to seal in accordance with Local Rule 105.11, during which time ECF Nos. 54, 55, 56, 57, 63, 69, 81, 82, 83, 84, 89, 93, 94, 95, 100, 108, 117, 121, 123, 131, and 133 – along with all attachments thereto – will remain sealed;

18. The motion to seal by Thuraya and Demers (ECF No. 68) BE, and the same hereby IS, DENIED;

19. The reply filed by Thuraya and Demers (ECF No. 67) BE, and the same hereby IS, ORDERED UNSEALED; and

20. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties and to any counsel who have entered their appearances on behalf of any nonparty movant.

                                              /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge